D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK FRANKEL, on behalf of himself and
others similarly situated,

               Plaintiff,                                     **MEMORANDUM & ORDER**

      -against-                                          **11-CV-2293 (NGG) (RER)**

CITICORP INSURANCE SERVICES, INC.,
CITICORP VISA, INC., CITICORP
MASTERCARD, INC., CITIBANK (SOUTH
DAKOTA), N.A., and CITIBANK, N.A.,

               Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On June 23, 2008, Plaintiff Mark Frankel filed in the Supreme Court of the State of New York a putative, nationwide class action against Defendants Citicorp Insurance Services, Inc. and Citibank (South Dakota), N.A. (together, "Defendants"),[1] alleging violations of New York State General Business Law ("GBL") §§ 349 and 350, common law fraud, and breach of contract. (Compl. (Not. of Removal (Dkt.1) at 9) ¶¶ 60-77.) After several years of litigation in state court, Defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 (codified as amended at 28 U.S.C. §§ 1332(d) and 1453). (Not. of Removal ¶ 7.)

On May 18, 2011, the undersigned referred Defendants' anticipated motion to compel arbitration to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See

---

[1] Plaintiff's Complaint also named as Defendants Citicorp VISA, Inc., Citicorp Mastercard, Inc., and Citibank, N.A. (Compl.) On July 28, 2008, the parties filed a Stipulation and Notice of Discontinuance, in which Plaintiff discontinued the Complaint without prejudice as against Citicorp VISA, Inc., Citicorp Mastercard, Inc., and Citibank, N.A. (See Not. of Removal (Dkt. 1) ¶ 1.)

1

May 18, 2011, Order.) On August 12, 2014, Judge Reyes issued his R&R, recommending that Defendants' motion be granted. (R&R (Dkt. 53) at 19.) On September 29, 2014, Plaintiff filed an objection to the R&R (Pl's Obj. to R&R ("Pl.'s Obj.") (Dkt. 55)), and on November 19, 2014, Defendants filed a response to Plaintiff's objection (Resp. of Defs. to Pl.'s Obj. ("Defs.' Resp.") (Dkt. 59)). On December 12, 2014, Plaintiff filed a reply to Defendants' response. (Pl.'s Reply Mem. in Further Supp. of Pl.'s Obj. to R&R ("Pl.'s Reply") (Dkt. 61).) For the reasons set forth below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN FULL.

## I. BACKGROUND

The court assumes familiarity with the underlying factual record, as set forth in detail in the R&R. (R&R at 2-5.) In the R&R, Judge Reyes determined (1) that the arbitration agreement was valid and enforceable under the Federal Arbitration Act ("FAA") (id. at 8-17), and (2) that it did not infringe on Plaintiff's First or Fifth Amendment rights (id. at 17-18).

## II. STANDARD OF REVIEW

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp.

2

v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)). Finally, courts "ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (citation and internal quotation marks omitted), aff'd, 323 F. App'x 34 (2d Cir. 2009) (summary order); see also Allen v. United Parcel Serv., Inc., 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013); Forman v. Artuz, 211 F. Supp. 2d 415, 418 (S.D.N.Y. 2000).

### III. DISCUSSION

#### A. The "Exculpation Clause" Defense

In AT&T Mobility LLC v. Concepcion, the Supreme Court emphasized that the FAA reflects a "liberal federal policy favoring arbitration." 131 S. Ct. 1740, 1749 (2011) (citations omitted). Most recently, in American Express Co. v. Italian Colors Restaurant, the Court commanded that "courts must 'rigorously enforce' arbitration contracts according to their

terms" 133 S. Ct. 2304, 2306 (2013) ("Italian Colors") (citations omitted). As Judge Reyes noted in his R&R, this rule applies just as strongly to class action waivers within arbitration agreements. (R&R at 11.)

In his original opposition to Defendants' motion, Plaintiff argued that the FAA should not be interpreted to preempt state statutory or constitutional rules that would void de facto exculpatory arbitration agreements. (Pl.'s Mem. in Opp'n to Mot. to Compel Arbitration ("Pl.'s Mem.") (Dkt. 23) at 9-22; Pl.'s Ltr. Brief ("Pl.'s Ltr.") (Dkt. 50) at 2-3.) Judge Reyes rejected this argument, finding that "[t]he FAA not only preempts state laws preventing the enforcement of arbitration clauses and class action waivers, but also preempts standard contract doctrines that 'have been applied in a fashion that disfavors arbitration.'" (R&R at 13 (quoting Concepcion, 131 S. Ct. at 1747).) Accordingly, Judge Reyes determined that the court "may not find the arbitration agreement unenforceable as an exculpation clause based exclusively on the uniqueness of the arbitral forum. Such an application has been preempted." (Id. at 15.) Furthermore, because the arbitration agreement was not so onerous as to render it unenforceable under Section 2 of FAA, Judge Reyes found that Plaintiff's exculpation clause defense was unavailing. (Id. (citing Ragone v. Atl. Video at the Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010) ("It is possible that an arbitration agreement may contain terms so onerous as to render it unenforceable under Section 2 of the FAA.")).)

Plaintiff did not object to Judge Reyes's determination on this point. (See Pl.'s Obj. at 3 n.4.) As a result, the court has reviewed this portion of the R&R for clear error and finds none. See Duncanson v. N.Y. State Educ. Dep't, No. 13-CV-6030 (CBA), 2015 WL 631374, at *1 (E.D.N.Y. Feb. 12, 2015) ("To accept those portions of the R&R to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on

the face of the record.'" (quoting Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011))).

### B. The Public Injunction

Plaintiff next contends that the arbitration agreement prevents him from effectively vindicating his state statutory right to seek a public injunction under GBL § 349(h). (Pl.'s Ltr. at 3-4.) On this basis, Plaintiff argues that the "effective vindication" doctrine recognized by the Supreme Court in Italian Colors should bar application of the FAA. (Id.) Judge Reyes rejected this argument, finding that the effective vindication doctrine is inapplicable to state statutory remedies, and that federal courts have enforced arbitration agreements even when those agreements prevent public injunctions. (R&R at 17.) Plaintiff did not object to this portion of the R&R (see Pl.'s Obj. at 3 n.4), and the court finds no clear error in Judge Reyes's determination.

### C. Plaintiff's Constitutional Challenge

Plaintiff's only actual objection is to Part II.D of the R&R, in which Judge Reyes rejected Plaintiff's argument that the arbitration agreement infringes on his First and Fifth Amendment rights by depriving him of the "right of access to the courts." (R&R at 17 (quoting Pl.'s Ltr. at 4).) In his supplemental letter briefing following the Supreme Court's opinion in Italian Colors, Plaintiff argued that the Court's interpretation of the FAA in that case "does not pass constitutional muster," because it would grant "private parties the power to use arbitration clauses to bar Americans from exercising their constitutional right to prove a claim when they cannot as a practical matter do so in arbitration." (Pl.'s Ltr. at 5 (emphasis added).) In sum, Plaintiff's "constitutional" argument before Judge Reyes appears to have been an attempt to rephrase the same "effective vindication" argument that was rejected in Italian Colors. (See

R&R at 12.) See Italian Colors, 133 S. Ct. at 2311 ("[T]he fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the right to pursue that remedy." (citations omitted)). Yet as Judge Reyes noted, the district court is bound by controlling precedent. (R&R at 18.) While Plaintiff may believe strongly in a constitutional right "to sue in court and use any available procedural means that enable his suit to be heard, including class action" (Pl.'s Ltr. at 5), the court is not in a position to recognize such a right in this case given the clear direction from the Supreme Court.

In Plaintiff's objection to the R&R, however, he raises a new constitutional argument that he did not present to Judge Reyes. Now, Plaintiff argues that judicial enforcement of all compulsory arbitration clauses contained in contracts of adhesion violates the Petition Clause of the First Amendment[2] by depriving consumers of their "fundamental right" "to petition a government court to redress private wrongs." (Pl.'s Obj. at 3-4.) This theory, while creative, is not appropriately before the court. As courts in this circuit and elsewhere have held, "a litigant is not allowed to oppose a magistrate's Report and Recommendation by suddenly asserting new arguments that were not presented to the magistrate originally." Kennedy, 2006 WL 3704784, at *3; see also Allen, 988 F. Supp. 2d at 299 ("[Plaintiff] did not present this argument or case law to [the magistrate], so this Court need not consider it."); Wesley v. Alexander, No. 99-CV-2168 (LAK), 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the [litigants] must make all . . . arguments then and there, and cannot later add new arguments at subsequent stages of the proceedings." (internal quotation marks and citation omitted)); Patterson-Leitch Co. v. Mass. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("[I]t would be fundamentally unfair to

---

[2] U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right . . . to petition the Government for a redress of grievances.").

permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.").

The court is mindful of the unsettled state of the law in the Second Circuit while the parties were briefing this motion to compel arbitration.[3] However, Judge Reyes provided ample opportunity for both parties to file supplemental briefs in light of the Supreme Court's decision in Italian Colors (see R&R at 6), and Plaintiff does not point to any intervening case law or other arguments that excuse his failure to present his Petition Clause argument earlier. Defendants also point out that, whatever one's views of Italian Colors, the Supreme Court's decision cannot have come as a complete surprise. (Defs.' Resp. at 11.) See Italian Colors, 133 S. Ct. at 2312 ("Truth to tell, our decision in [Concepcion] all but resolves this case."). Furthermore, Plaintiff's briefing on his objection to the R&R now runs to 40 pages,[4] and he has submitted an appendix of over 100 pages of "historical materials" in support of his new constitutional argument, none of which were presented to Judge Reyes. (See App. of Historical Materials (Dkt. 56).) While a

---

[3] In In re American Express Merchants' Litigation, the Second Circuit invalidated a mandatory class-action waiver provision in an arbitration agreement because the plaintiffs "would incur prohibitive costs if compelled to arbitrate under the class action waiver," and enforcement of the arbitration agreement would risk "depriv[ing] them of substantive rights under the federal antitrust statutes." 554 F.3d 300, 315-16 (2d Cir. 2009) ("Amex I"). The Supreme Court then vacated and remanded that decision in light of the Court's decision in Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662, 664 (2010) (holding that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."). See Am. Express Co. v. Italian Colors Rest., 130 S. Ct. 2401 (2010) (mem.). On remand, the Second Circuit again held that the class-action waiver provision was unenforceable. In re Am. Express Merchants' Litig., 634 F.3d 187 (2d Cir. 2011) ("Amex II"). Soon thereafter, the Supreme Court decided Concepcion, holding that the FAA preempted California common law barring the enforcement of class-action waivers in consumer contracts. 131 S. Ct. at 1753. On a panel rehearing of Amex II, the Second Circuit determined that Concepcion did not require overturning Amex I. In re Am. Express Merchants' Litig., 667 F.3d 204 (2d Cir. 2012) ("Amex III"). On June 20, 2013, the Supreme Court reversed the Second Circuit's decision in Amex III, finally resolving in the negative the question of whether plaintiffs could invalidate a class-action waiver under the "effective vindication doctrine" by showing that "they ha[d] no economic incentive to pursue their [] claims individually in arbitration." Italian Colors, 133 S. Ct. at 2310.

[4] The court notes that Federal Rule of Civil Procedure 72(b)(2) expressly authorizes only objections to an R&R and a response to those objections. Plaintiff's Reply is therefore not authorized and the court has not considered it.

district court has discretion to consider new evidence or arguments when reviewing an objection to an R&R, see Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c), Plaintiff has not made a compelling case for the court to do so here. Accordingly, the court reviews Judge Reyes's determination for clear error and finds none. Even under de novo review, the court finds that Plaintiff's constitutional argument is unavailing given the Supreme Court's binding FAA precedents.

### D. Enforceability of Class Action Waiver under South Dakota Law

Plaintiff's opposition and objection materials include an additional argument premised on his constitutional argument—namely that, if the arbitration clause is unenforceable for constitutional reasons, then the class-action waiver clause also becomes unenforceable under South Dakota law, "which prohibit[s] enforcing any contract terms that work to insulate a party from liability or deprive a party of a legal remedy." (Pl.'s Obj. at 25.) Plaintiff does not frame this as an objection, but rather points out that the R&R did not reach this argument, given Judge Reyes's determination that the arbitration clause was, in fact, enforceable. (Id. at 3 n.4.) Because the court adopts Judge Reyes's determination that the FAA preempts South Dakota law on this matter, see supra Part III. C, the court likewise need not consider Plaintiff's argument.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections are OVERRULED. Therefore, the court ADOPTS the R&R in its entirety. Accordingly, Defendants' motion to compel arbitration is GRANTED and the action is STAYED pending the result of the arbitration. See Katz v. Cellco P'ship, 794 F.3d 341 (2d Cir. 2015) (holding that the FAA requires the court to stay proceedings on application of a party, pending arbitration). The parties are directed to proceed to arbitration in accordance with the terms of the agreement, and to file a status report upon completion of the arbitration.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　October 13, 2015　　　　　　　　　　　United States District Judge